UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MIAMI HOME LLC,

Plaintiff,

-against-

JEAN-MARC BIJOUX, KAYLA BIJOUX, DARREN BIJOUX, JUNE FREEMAN, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK TRANSIT AUTHORITY TRANSIT ADJUDICATION BUREAU, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU,

Defendants.

---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-cv-3143 (CBA) (CHK)

**AMON, United States District Judge:**

On November 12, 2025, Plaintiff filed a motion for default judgment against the Defendants in this action. (ECF Docket Entry ("D.E.") # 34.) The Defendants have not answered the complaint and have failed to otherwise appear in this action, despite having been properly served, and despite entry against them of a certificate of default by the Clerk of Court. (D.E. # 33.) On November 12, 2025, I referred the motion to the Honorable Clay H. Kaminsky. (See Text Order dated Nov. 12, 2025.) Now before me is Magistrate Judge Kaminsky's Amended Report and Recommendation (R&R) recommending that I grant Plaintiff's motion except as to the Transit Adjudication Bureau and Parking Violations Bureau defendants. (D.E. # 42 ("R&R").) No party has objected to the R&R, and the time for doing so has now passed.

## BACKGROUND

Magistrate Judge Kaminsky's R&R sets out the facts of this case in detail. To the extent it is relevant for the purposes of this order, Plaintiff's complaint seeks to foreclose on a mortgage encumbering a property in Queens, New York (the "Property"). (R&R at 2-3.) Following several

previous assignments, Plaintiff had been assigned a note and mortgage on the Property, but defendants Jean-Marc Bijoux and June Freeman (the "Borrowers") defaulted by failing to make timely payments as of April 1, 2023. (Id.)

Plaintiff served a timely pre-foreclosure notice upon the Borrowers informing them of their right to cure the default pursuant to N.Y. Real Prop. Acts. Law §§ 1304, 1306 ("RPAPL"). (Id. at 3.) The Borrowers failed to respond, resulting in this action being commenced. (Id.) On April 26, 2024, Plaintiff filed its Complaint seeking to foreclose upon the property under RPAPL. (D.E. # 1.) The Complaint sought costs and attorneys' fees in addition to the foreclosure on the mortgage. (Id.) On May 23, 2025, Plaintiff filed an Amended Complaint adding Kayla Bijoux as a defendant. (D.E. # 18.) On September 3, 2025, Plaintiff filed a Second Amended Complaint adding Darren Bijoux as a defendant. (D.E. # 27.) The Clerk of Court entered default against Jean-Marc Bijoux, City of New York Department of Transportation Parking Violations Bureau, City of New York Environmental Control Board, City of New York Transit Authority Transit Adjudication Bureau, and June Freeman on August 8, 2024. (D.E. # 14.) The Clerk of Court entered default against Kayla Bijoux on July 18, 2025. (D.E. # 25.) The Clerk of Court entered default against Darren Bijoux on October 22, 2025. (D.E. # 33.) Plaintiff filed its motion for default judgment on November 12, 2025. (D.E. # 34.)

**DISCUSSION**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I find no clear

error in Magistrate Judge Kaminsky's R&R, to which no party has objected. As Magistrate Judge Kaminsky noted, Plaintiff met the requirements to move for default judgment under Federal Rule of Civil Procedure 55. (R&R at 4-5.)

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted). A magistrate judge must determine from the allegations of a well-pleaded complaint "whether [those] allegations establish [defendant's] liability as a matter of law," Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). Magistrate Judge Kaminsky's R&R found that Plaintiff's allegations met the standard to establish mortgagor liability under New York law against the Borrowers. (R&R at 6-7.) Magistrate Judge Kaminsky also analyzed the claims against the non-mortgagor defendants who were named because of judgment liens they hold against the Property or because they are tenants of the Property. (Id. at 7.) He found that among the city agency defendants, only the Environmental Control Board held an interest in the Property. (Id. at 9.) As the Transit Adjudication Bureau and Parking Violations Bureau were not proven to hold an interest in the property, Magistrate Judge Kaminsky recommended granting the instant motion as to the Environmental Control Board but denying it as to the Transit Adjudication Bureau and the Parking Violations Bureau. (Id. at 9-10.) Magistrate Judge Kaminsky recommended granting the motion for a default judgment against Kayla Bijoux and Darren Bijoux because they are both tenants with a nominal interest in the Property. (Id. at 10-11 (citations omitted).) I find no clear error in any of Magistrate Judge Kaminsky's determinations of liability.

As default is only deemed to be a concession of liability and not damages, the court must satisfy itself that Plaintiff has proved damages with reasonable certainty. Balhetchet v. Su Caso Mktg. Inc., No. 19-cv-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020)

(citation omitted). "Damages [in deciding a motion for default judgment] are proven through an evidentiary hearing, or through affidavits and other documentary submissions that provide a factual basis for determining the amount of damages to be awarded." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 155 (E.D.N.Y. 2010). As to the Environmental Control Board, Kayla Bijoux, and Darren Bijoux, Magistrate Judge Kaminsky found that a default judgment should extinguish their interests in the Property because they are non-mortgagor defendants in this foreclosure action. (R&R at 10-11.) To determine damages against the Borrowers, Magistrate Judge Kaminsky analyzed Plaintiff's submissions which documented and provided background on the loan modification agreement. (Id. at 11.) Because June Freeman was not a party to the loan modification agreement and conveyed her title interest to Jean-Marc Bijoux nearly ten years ago, Magistrate Judge Kaminsky appropriately found that damages be awarded only against Jean-Marc Bijoux. (Id. at 11-12.)

Magistrate Judge Kaminsky correctly found, based on the terms of the mortgage and the loan modification agreement, that the unpaid principal balance was $162,210.53. (Id. at 13.) He also correctly calculated a per diem interest rate and multiplied it by the number of days between Plaintiff's default on the note and the date the motion for default was filed to find accrued interest of $67,971.60. (Id. at 14-15.) I agree with Magistrate Judge Kaminsky that interest at a rate of $71.10 per day should be calculated from November 11, 2025 until the Clerk of Court enters final judgment. (Id. at 15.) As Magistrate Judge Kaminsky indicated, Plaintiff should be granted $32.44 in late fees and $18,762.93 in unpaid loan charges consisting of foreclosure attorney and administrative fees which were substantiated by the submitted records. (Id. at 15-16.) Magistrate Judge Kaminsky appropriately calculated a reasonable hourly rate for the attorneys' fees requested by the Plaintiff and multiplied it by the number of hours the attorneys were shown to have worked

on this matter. (Id. at 16-19.) In addition, Magistrate Judge Kaminsky is right that because Plaintiff failed to distinguish between the attorneys' fees in the unpaid loan charges and the separate request for fees, the calculated fees should be offset by the $18,762.93 in unpaid loan charges which yields a fee award of $317.07. (Id. at 19.) In terms of costs, I agree with Magistrate Judge Kaminsky that an award of $2,686.76 should be granted based on the submitted invoices and receipts. (Id. at 20-21.) Finally, I concur with Magistrate Judge Kaminsky that given the circumstances in this case, it is appropriate for the Property to be sold in one parcel. (Id. at 21.) I find no clear error in any of Magistrate Judge Kaminsky's determinations or calculations.

## CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge Kaminsky's Amended Report and Recommendation in full. Plaintiff's motion for default judgment is GRANTED except as to the Transit Adjudication Bureau and the Parking Violations Bureau for the reasons outlined in the R&R. The Clerk of Court is directed to calculate interest and enter judgment in accordance with the findings on pages 21 and 22 of the R&R.

So Ordered.

Dated: September 16, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge